FREDERICK STURZ, Plaintiff, *v.* FREDERICK S. FISHER, Defendant.

*Pleadings — admission in an answer that one installment of the purchase price of goods sold was due on the day the action was brought — it does not entitle the plaintiff to a judgment on the pleadings — when the right of action accrues.*

An allegation contained in the answer interposed in an action commenced January 6, 1896, to recover for goods sold and delivered, which denies that the term of credit given on such sale had expired at the time of the commencement of the action, and avers that the purchase price was to be paid in weekly installments, "the first so to fall due January 6th, 1896, such first payment to amount to $243.25; that such installment was the only one due at the time of the commencement of this action, and that the total balance was to become due and payable on dates subsequent to the commencement of this action," does not entitle the plaintiff to judgment upon the pleadings for $243.25, as the admission that the first installment of $243.25 became due January 6, 1896, does not involve the conclusion that the plaintiff was entitled to begin suit for such installment on that day, as the law gave to the defendant the whole of January sixth within which to make the payment, and no right of action accrued to the plaintiff until the beginning of the day following.

MOTION by the plaintiff, Frederick Sturz, for a new trial upon a case containing exceptions, ordered to be heard at the Appellate Division in the first instance, upon the dismissal of the complaint by direction of the court after a trial at the New York Trial Term.

This motion was transferred from the first department to the second department.

(See previous appeal, 19 App. Div. 198.)

*George S. Hastings*, for the plaintiff.

*Leopold Leo* and *William Maupt*, for the defendant.

WILLARD BARTLETT, J.:

The complaint alleges that between specified dates the plaintiff, "at the request of the defendant and upon his promise to pay therefor, sold and delivered to him certain goods, wares and merchandise of the stipulated and agreed value of $2,186.25 ;" that the term of credit upon which the said goods were sold has wholly expired; that no part thereof has been paid, and that there is now due and owing the full and true sum aforesaid.

SECOND DEPARTMENT, MARCH TERM, 1899.　　·　　[Vol. 38.

The action was commenced on the 6th day of January, 1896.

The answer sets up three separate defenses. The first defense is a general denial. In the second defense the defendant alleges that the plaintiff did sell to him goods of the value of $2,186.25; denies that the term of credit had expired at the time of the commencement of the action, or that no part of the amount has been paid, or that the sum of $2,186.25 was at that time due and owing to plaintiff from the defendant, and avers that "plaintiff and defendant, upon the sale of said goods, wares and merchandise, agreed that the credit or term of credit be extended so that the payments should fall due in nearly equal weekly installments, the first so to fall due January 6th, 1896, such first payment to amount to $243.25; that such installment was the only one due at the time of the commencement of this action, and that the total balance was to become due and payable on dates subsequent to the commencement of this action." The third defense was an admission of the alleged sale and a plea of payment.

When the case came on for trial the plaintiff moved upon the pleadings for judgment against the defendant for the sum of $243.25 with interest, on the ground that the answer admitted that amount to be due. The motion was denied and the plaintiff excepted. The plaintiff thereupon rested without offering any evidence, and the court then dismissed the complaint upon the motion of the defendant.

We think the dismissal was right. By his motion for judgment on the pleadings, the plaintiff practically abandoned his claim to recover in this action the full amount demanded in the complaint. The motion rested wholly on the admission in the second separate defense set up in the answer to the effect that the sum of $243.25 was the only installment due from the defendant to the plaintiff at the time the action was commenced. If that admission did not involve the conclusion that the plaintiff was entitled to sue the defendant for $243.25 at the very time when he began this suit, then the motion was properly denied; and it having been denied, and the plaintiff introducing no evidence in support of his case, the court had no choice but to dismiss the complaint.

If we carefully read the averment upon which the plaintiff thus relies as an admission entitling him to judgment, we find that it sets

up an agreement for an extension of credit contemplating payment by weekly installments, " the first so to fall due January 6th, 1896, such first payment to amount to $243.25." Then follows the allegation that " such installment was the only one due at the time of the commencement of this action." But if the installment was due on January 6, 1896, the law gave the promisor the whole of that day within which to make payment, and no right of action accrued to the promisee for non-payment until the beginning of the day following. Not only in regard to negotiable paper does the rule prevail that the maker of the promise has the whole of the last day within which to pay; it applies generally to contracts in which a given day is specified as the day of payment. (2 Add. Cont. [Abbott & Wood's ed.] 940; *Osborn* v. *Moncure*, 3 Wend. 170; *Smadbeck* v. *Sisson*, 31 Hun, 582, 584.) As the present action was commenced on that very day it was prematurely brought. The plaintiff should have waited until January 7, 1896, to begin his suit. While it was true that the installment was due at the time of the commencement of the action, it was not due at one hour of the day more than another, and until the entire day had passed no one could be sure that the installment would not be paid on that day; hence it could not be asserted that the defendant was in default for non-payment, and if he was not in default no suit would lie against him. In other words, although the installment was due on January 6, 1896, no default could be predicated of a failure to pay such installment until January 6, 1896, had wholly passed away.

The exceptions of the plaintiff should be overruled and the defendant should have judgment in his favor on the dismissal of the complaint.

All concurred.

Exceptions overruled and judgment directed for defendant on dismissal of complaint at Trial Term, with costs.